**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION**

| | | |
|---|---|---|
| NATHAN HOYE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:22-cv-01015 |
| | ) | |
| vs. | ) | United States Magistrate Judge |
| | ) | Christopher B. Brown |
| ATTORNEY GENERAL OF | ) | |
| PENNSYLVANIA, ALLEGHENY | ) | |
| COUNTY DISTRICT ATTORNEY, | ) | |
| WARDEN ALLEGHENY COUNTY | ) | |
| JAIL, | ) | |
| | ) | |
| Respondents. | ) | |

**MEMORANDUM OPINION DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS**

**Christopher B. Brown, United States Magistrate Judge**

Pending before the Court[1] is the Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 ("Amended Petition") filed pro se by Petitioner, Nathan Hoye.  At the time of filing, Hoye was a state prisoner in the custody of the Pennsylvania Department of Corrections but he has since been released.  He challenges the July 14, 2022, Judgment of Sentence imposed by the Court of Common Pleas of Allegheny County, Criminal Division, at Criminal No. CP-02-CR-0004077-2018.  He also has filed two motions for leave to file an amended petition. ECF Nos. 186 and 188.  For the reasons explained below, the Amended Petition will

---

[1]    In accordance with the provisions of 28 U.S.C. § 636(c), the parties have voluntarily consented to have a U.S. Magistrate Judge conduct proceedings in this case, including entry of a final judgment.  *See* ECF Nos. 25 and 30.

1

be dismissed with prejudice and a certificate of appealability will be denied as to each claim.  The motions for leave to file another amended petition will also be denied as futile.

## I.    Jurisdiction

This Court has jurisdiction under 28 U.S.C. § 2254, the federal habeas statute applicable to prisoners in custody pursuant to a state court judgment.[2]  It permits a federal court to grant a state prisoner the writ of habeas corpus "on the ground that he is in custody in violation of the Constitution . . . of the United States."  28 U.S.C. § 2254(a).  Errors of state law are not, however, cognizable in a federal habeas action.  *Id.*; *see, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).  Indeed, the Court is bound by the state courts' determinations of state law.  *See, e.g.*, *Priester v. Vaughn*, 382 F.3d 394, 402 (3d Cir. 2004) ("Federal courts reviewing habeas claims cannot 'reexamine state court determinations on state-law questions.'")(quoting *Estelle*, 502 U.S. at 67-68).

It is a petitioner's burden to establish entitlement to the writ.  28 U.S.C. § 2254(a); *see, e.g.*, *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017), *as amended* (July 18, 2017).  There are prerequisites, however, that a petitioner must satisfy before habeas relief is deemed appropriate.  For example, the burden imposed on a petitioner by the standard of review enacted by the

---

[2]    State prisoners seeking to obtain habeas relief under 28 U.S.C. § 2254 must demonstrate that they were "in custody" at the time the federal habeas petition was filed.  *See* 28 U.S.C. § 2254(a). As explained previously, Hoye is no longer in custody but at the time his initial petition was filed he was a state prisoner in the custody of the Pennsylvania Department of Corrections.

Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (which is discussed below). But, ultimately, a petitioner cannot receive federal habeas relief unless it is established the petitioner is in custody in violation of federal constitutional rights. 28 U.S.C. § 2254(a); *see, e.g.*, *Vickers*, 858 F.3d at 849.

## II.    Relevant Legal Standards

Before seeking habeas corpus relief in federal court, a state prisoner must first exhaust his remedies in state court. *See* 28 U.S.C. 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must "give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan,* 526 U.S. at 842. The petitioner must "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* In Pennsylvania, one complete round includes presenting the federal claim through the Superior Court on direct or collateral review. *See Lambert v. Blackwell*, 387 F.3d 210, 233 (3d Cir. 2004). When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) (*holding modified by Martinez v. Ryan*, 566 U.S. 1 (2012)); *Johnson v. Mahanoy*, 144 F.4th 178, 186-87(3d Cir. 2025) (quoting *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (explaining the doctrines of procedural default and exhaustion "ensure that federal habeas courts rarely 'upset

3

a state conviction without an opportunity [for] the state courts to correct a constitutional violation."). "In such cases, however, [petitioners] are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the" petitioner can demonstrate "cause and prejudice" or a "fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750; *Johnson,* 144 F.4th at 188. To show cause and prejudice, a petitioner must show he had good cause for the procedural default and had suffered prejudice from the alleged violation of federal law. *Johnson,* 144 F.4th at 199. To establish a fundamental miscarriage of justice, a petitioner must make a credible showing of actual innocence. *See Reeves v. Fayette SCI,* 897 F.3d 154, 160 (3d Cir. 2018), *as amended* (July 25, 2018). It is a petitioner's burden to demonstrate circumstances excusing procedure default. *Coleman,* 501 U.S. at 650.

## III.    Relevant Background

Hoye's convictions arise from an incident that occurred while he was an inmate at the Allegheny County Jail. The Superior Court of Pennsylvania, in its decision of April 15, 2025, affirming the dismissal of Hoye's PCRA petition, summarized the relevant factual and procedural history as follows:

> [I]n in 2018, while incarcerated in the Allegheny County Jail, Hoye threatened to harm himself. Corrections officers put him in a suicide gown and placed him in a processing cell. When officers ordered Hoye to submit to handcuffing, he refused. Instead Hoye, . . . , reached into his toilet and threw urine on one of the corrections officers, striking him in the upper torso and head. The officer was thereafter transported to the emergency department at a nearby hospital for treatment.

In 2019, Hoye entered an open guilty plea to one count each of aggravated assault, assault by a prisoner, aggravated harassment by prisoner, and recklessly endangering another person.  Ultimately, on July 14, 2022, the trial court sentenced Hoye to fifty-seven to 114 months in prison.[2]  This Court affirmed Hoye's judgment of sentence on November 1, 2023.  *See Commonwealth v. Hoye*, 309 A.3d 1014 (Pa. Super. 2023) (unpublished memorandum).  Hoye did not seek further review of his judgment of sentence.

> [2] Hoye successfully appealed his initial judgment of sentence, which this Court vacated, requiring a remand for resentencing.  *See Commonwealth v. Hoye*, 249 A.3d 1157 (Pa. Super. 2021) (unpublished memorandum).  Upon remand, the trial court imposed the same sentence, which Hoye also successfully appealed, requiring a further remand for resentencing.  *See Commonwealth v. Hoye,* 279 A.3d 1238 (Pa. Super. 2022) (unpublished memorandum).

ECF No. 137-96 at 1-2.  On July 14, 2022, Hoye was sentenced to fifty-seven to 114 months in prison.  ECF No. 137-72.  The Superior Court of Pennsylvania affirmed Hoye's judgment of sentence on November 1, 2023.  ECF No. 137-96.  Hoye did not seek further review of his judgment of sentence.  It is this July 14, 2022 judgment of sentence issued as a result of the third remand that is at the heart of this habeas case.

## A.    PCRA Proceedings

Hoye filed a timely pro se PCRA petition on December 4, 2023, in which he raised three issues: (1) his sentence violated the Double Jeopardy Clause of the state and federal constitutions; (2) he sought a reduction in the terms of his sentence; and (3) he appeared to be challenging the sufficiency of the evidence

5

forming the factual basis for his guilty plea. *See* ECF 137-77. The PCRA court

appointed counsel, ECF No. 137-78, who filed a motion to withdraw and a "no-

merit" letter under *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1998), and

*Commonwealth v. Finley,* 550 A.2d 213 (Pa. Super. 1988) (en banc). ECF 137-79.

The PCRA court granted the motion to withdraw and filed a notice of its intention

to dismiss the petition without a hearing. ECF 137-80. Hoye did not file a response

to the notice to dismiss and the PCRA court dismissed the petition on July 2, 2024.

ECF 137-86. Hoye, proceeding pro se, filed a timely notice of appeal and the PCRA

court ordered him to file a concise statement of errors complained of on appeal

under Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. ECF No.

137-91. "[T]he *pro se* concise statement he submitted consisted of two pages of

handwritten notes stating the following:

> Trial records will prove no evidence
> Failed to raise my mental health
> Double Jeopardy
> Illness PTSD Schnoprenic
> Illegal prosecution
> Failed to raise was incarnated 5-2-13 to 3-9.23
> Failed to raise medical issues
> hiv
> Mouse tapeworm in stomach
> There was no camera
> Trial records will prove no evidence
> Survill[] evidence all hearsay
> Can't prove I assaulted CO-Kelly 2018
> only took a plea because my mental health
> Was tricked
> taken advantage of
> No dna evidence
> See Brady vs. Maryland
> • Mentally illness ptsd schizophrenic
> • Mentally ill. Anxiety depression

● Not knowing the law
MH tricked and taken advantage of (conflict counsel)
Medical issues – HIV, tapeworm in stomach
No camera evidence
all hearsay.  Look at trial record
No DNA evidence
See Bracy vs. Maryland
NO witness
Cop[] shall be dismissed

ECF No. 137-96 at 5 (quoting Concise Statement, 9/11/2024).  *See also* ECF No. 137-92.

The PCRA court found Hoye's concise statement did not coherently identify the issues he intended to raise on appeal and was so vague the court was forced to guess what actions Hoye was contending amounted to error and who committed the purported error.  ECF No. 137-93 at 9.  On this basis, the PCRA court found Hoye's "incoherent September 2024 Concise Statement results in waiver of any claims on appeal." *Id.* at 10.

Hoye appealed the dismissal of his PCRA petition and on April 14, 2025, the Superior Court affirmed the dismissal finding all issues had been waived: "Because Hoye's vague concise statement prevented the PCRA court from discerning his issues or providing this Court with any legal analysis of those issues, it has hampered our appellate review.  We therefore deem all issues waived."  ECF No. 137-96 at 6.  The Superior Court also noted "[e]ven if we had not deemed all issues waived due to Hoye's deficient concise statement, we would have dismissed the appeal due to Hoye's deficient appellate brief." *Id.*, n.5.  The Pennsylvania Supreme

7

Court denied Hoye's petition for allowance of appeal ("PAA") on August 25, 2025. ECF No. 137-101.

While the PAA was pending, Hoye filed a second PCRA petition on May 5, 2025.  ECF No. 137-97.  The PCRA court issued a notice of intention to dismiss on September 15, 2025, ECF No. 137-102, and two days later, Hoye filed a "Motion for Post Conviction Relief," which was construed as a third PCRA petition.  ECF No. 137-103.

On October 9, 2025, the PCRA court dismissed Hoye's second PCRA petition, ECF No. 137-103, and issued a notice of intention to dismiss the third PCRA petition.  ECF No. 137-105.  The PCRA court dismissed the third PCRA petition on November 6, 2025.  ECF No. 137-107.  Hoye did not appeal the dismissal of either the second or third PCRA petitions to the Superior Court.

## B.    The Instant Federal Habeas Case

While his state court proceedings were ongoing, Hoye filed two federal habeas cases in this court.  First, on October 8, 2019, he filed a petition for writ of habeas corpus, which was docketed at Civil Action No. 19-1309.  *See* Case No. 19-cv-1309, ECF No. 5.  In that Petition, Hoye challenged the Order of Sentence entered on August 6, 2019.  *Id.*  Because Hoye had a pending appeal before the Superior Court, this Court dismissed without prejudice his petition for failure to exhaust state remedies.  *Id.*, ECF No. 33.

8

Then, on July 13, 2022, Hoye filed this case. ECF No. 1. After his original filing, Hoye filed several amendments and supplements to the petition. *See* ECF Nos. 14, 19, 22, 26, 54, 76, and 125. On February 16, 2023, the case was stayed as Hoye had a pending appeal of his July 2022 sentence before the Superior Court. ECF No. 32. During the time the case was stayed, Hoye on multiple occasions sought to have his case reopened, but his requests were denied without prejudice as his state court proceedings had not concluded due to the pending appeal in the Superior Court and the case remained stayed. *See* ECF Nos. 35, 36, 44, 49, 50, 52, 73, 84, 88, 89, 99, 103, 104, 106, 108, 113, and 115. Hoye was advised by the Court on numerous occasions that pending proceedings challenging his conviction at CP-02-CR-0004077-2018, the same conviction that is being challenged in this federal habeas case, prevented the Court from reopening his case and the case would remained stayed and administratively closed until the state court proceedings were completed. *See* ECF Nos. 41, 48, 53, 56, 57, 62, 78, 85, 93, 101, 103, 105, 112, 114, and 116. He was further advised that once the state court proceedings had concluded, the federal case would be reopened and he would be given the opportunity to file an Amended Petition. *Id.*

On November 24, 2025, Hoye filed a motion to reopen indicating his state court proceedings had concluded on or about November 6, 2025. ECF No. 120. About two weeks later, he filed an amended motion to reopen, ECF No. 121, and without objection from Respondents, the stay was lifted on January 5, 2026. ECF No. 127.

Finding Hoye's multiple submissions, which he called "amendments" to his original petition, unmanageable, *see* ECF Nos. 14, 19, 54, 76, and 125, the Court ordered Hoye to file one, all-inclusive Amended Petition. ECF No. 127. On January 21, 2026, Hoye filed an Amended Petition raising what appears to be three grounds for habeas relief: (1) counsel forced him to take a guilty plea; (2) no DNA or camera evidence that CO Kelly was assaulted; and (3) his sentence was excessive. ECF No. 129. Respondents filed an Answer on February 4, 2026 arguing the petition should be dismissed as all three claims are procedurally defaulted and, in the alternative, each claim lacks merit. ECF No. 137.[3]

Three weeks later, on February 27, 2026, Hoye filed a motion to amend. ECF No. 152. The motion was granted and an Amended Petition was docketed at ECF No. 157, which remains the operative petition. Hoye raises three claims in the Amended Petition: (1) he asserts there was not sufficient evidence to convict him because there was no "DNA or camera evidence." ECF No. 157 at 5-6; (2) he asserts a *Brady* violation occurred, *id*. at 9; and (3) he asserts an ineffective assistance of counsel claim contending counsel induced him to plead guilty, *id*. at 12. Respondents filed an Answer arguing the Amended Petition should be dismissed as

---

[3]     Respondents attached as Exhibits to their Answer relevant state-court filings and decisions. For ease of reference, the Court uses page numbers from the CM/ECF header. Respondents have also provided a hard copy of the original state court record, including the transcript from Hoye's guilty plea hearing (T20 0384), sentencing hearing held on August 6, 2019 (T20 0410), resentencing hearing held on April 22, 2021 (T26 0218) and resentencing hearing held on July 14, 2022 (T22 1901).

the claims are procedurally defaulted and, in the alternative, the claims lack merit. ECF No. 158.

## IV.    Analysis

Before turning to the merits, the Court notes Hoye presents his habeas claims in vague assertions, noncoherent phrases and sentences, and does not provide any analysis, citation to relevant records, or applicable law.

It is a petitioner's burden to establish entitlement to the writ.  28 U.S.C. § 2254(a).  And "[b]ald assertions and conclusory allegations do not afford a sufficient ground to provide habeas relief." *Daniels v. Wilson,* No. Civ. A. 06-741, 2010 WL 4788046, at *28 (W.D. Pa. Oct. 5, 2010), *report and recommendation adopted*, 2010 WL 4789106 (W.D. Pa. Nov. 17, 2010), *aff'd*, 507 F. App'x 158 (3d Cir. 2012) (citing *Zettlemoyer v. Fulcomer*, 923 F.2d 284, 298 & n.12 (3d Cir.), *cert. denied*, 502 U.S. 901 (1991) and *Mayberry v. Petsock*, 821 F.2d 179, 187 (3d Cir. 1987), *cert. denied*, 484 U.S. 946 (1987)).

With that said, the Court recognizes Hoye is proceeding pro se and, as such, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  A pro se habeas petition must be construed liberally and with a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998); *Lewis v. Attorney Gen.*, 878 F.2d 714, 721-22 (3d Cir. 1989); *U.S. ex rel. Montgomery v. Brierley*, 414 F.2d 552, 555 (3d Cir. 1969), *cert. denied*, 399 U.S. 912 (1970). That said, a federal district court can

11

dismiss a habeas corpus petition if it appears from the face of the petition that the

petitioner is not entitled to relief.  *See Lonchar v. Thomas*, 517 U.S. 314, 320 (1996);

*Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

With these standards in mind, the Court will address each of Hoye's claims.

Hoye raises the following three claims in the Amended Petition:

**Ground One**:

CO Kelly in allegheny
County Jail 2018 Said
I assaulted him with

(b) If you did not exhaust your state remedies on Ground One, explain why:

urine. There was no Dna
OR camera evidence
The final courts Record
will show no Dna) camera evidence

Page 6 of 16

Ground One, ECF No. 157, at 5.

**Ground Two:**



*please Review Brady Rule. Brady vs. maryland*

**Ground Three:**

*How can any courts Say I assaulted co-kelly And It cant be prooven. I only plead Guilty Because counsel took advantanged of my*

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?    ☐ Yes    ☐ No

    (2) If you did not raise this issue in your direct appeal, explain why:

*Mental health Illness*

(d)    **Post-Conviction Proceedings:**

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☐ Yes    ☐ No

ECF No. 157.

Hoye faces two hurdles in bringing these claims.  First, the Superior Court of Pennsylvania determined Hoye had waived all his arguments on appeal by failing

to comply with Pennsylvania Rule of Appellate Procedure 1925.  ECF No. 137-96 at 6.  And to the extent Hoye raised these claims in his second and third PCRA petitions, those petitions were dismissed as untimely under the requirements of the PCRA.  ECF Nos. 137-103 and 137-107.  Hoye did not appeal those rulings and the time for doing so has now passed.  Pa.R.A.P. 903.

Because the Superior Court denied Hoye relief based on a procedural rule of waiver, the claims he raises in his Amended Petition are barred from federal habeas review based on the procedural default doctrine.  This doctrine is "grounded in concerns of comity and federalism[.]"  *Coleman v. Thompson*, 501 U.S. 772, 729-30 (1991).  It prohibits federal habeas courts from reviewing a state court decision involving a federal question if the state court decision is based on a rule of state law that is "independent" of the federal question and "adequate" to support the judgment.  *See, e.g., Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Coleman*, 501 U.S. at 732.  *See also Martinez v. Ryan*, 566 U.S. 1 (2012) ("Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism.  These rules include the doctrine of procedural default, under which a federal court *will not* review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule.") (emphasis added).

A state rule of procedure is "independent" if it does not depend for its resolution on answering any federal constitutional question. *See, e.g.*, *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985). A state rule is "adequate" if the state appellate court reviewing the petitioner's claim refused to review it on the merits because the petitioner failed to comply with the rule and the state court's refusal was consistent with other decisions. *Nara v. Frank*, 488 F.3d 187, 199 (3d Cir. 2007) (June 12, 2007); *Beard v. Kindler*, 558 U.S. 53 (2009) (discretionary state rules can be "adequate"); *see also Ford v. Georgia*, 498 U.S. 411, 423–24 (1991) (a state procedural rule is "adequate" if it is "firmly established and regularly followed" at the time that the alleged procedural default occurred).

The state procedural rule, Rule 1925(b), under which the Superior Court found the claim waived is an independent and adequate state procedural rule. *See Adams v. Kyler,* Civ. A. 01-0627, 2002 WL 1896385, at *8 (E.D. Pa. Aug.15, 2002) (failure to comply with Rule 1925(b) is an adequate state procedural bar to federal habeas review); *Com. v. Lord*, 719 A.2d 306, 309 (Pa. 1998) ("[F]rom this date forward, in order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived.").

Similarly, the PCRA's one-year statute of limitations which prevents Hoye from filing a PCRA petition at this point in time, 42 Pa. Cons. Stat. Ann. § 9545(b)(1), also is an adequate and independent ground for precluding federal

15

habeas review. *See Whitney v. Horn*, 280 F.3d 240, 251 (3d Cir. 2002) ("It is now clear that this one-year limitation is a jurisdictional rule that precludes consideration of the merits of any untimely PCRA petition, and it is strictly enforced in all cases, including death penalty cases.").

The three grounds for habeas relief raised by Hoye in the Amended Petition are procedurally defaulted and Hoye has not advanced any argument as to why the Court should excuse the procedural default. And denying review of these claims would not constitute a fundamental miscarriage of justice because Hoye fails to present any "new reliable evidence" of actual innocence. *See Schulp*, 513 U.S. at 316 ("Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."). Thus, Hoye has not established grounds to excuse the default and, as a result, all three claims raised in this Amended Petition are procedurally defaulted and foreclosed from habeas review.

## VI.    Motions for Leave to Amend (ECF Nos. 186 and 188)

Habeas petitions "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. Pursuant to Federal Rule of Civil Procedure 15(a)(2), Hoye may only amend his petition with the Respondents' consent or the court's leave. Although courts "should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), courts may nevertheless deny a motion to amend when the amendment would be futile. *See Foman v. Davis*, 371

16

U.S. 178, 182 (1962); *United States v. Duffus,* 174 F.3d 333, 337 (3d Cir. 1999). "Specifically, an amendment to a habeas petition may be considered futile when, i*nter alia,* the amendment is meritless." *Wright v. Smith*, No. 18-524, 220 WL 1626757, at \*4 (E.D. Pa. Apr. 2, 2020) (citing *Rushing v. Pennsylvania,* 637 F. App'x 55, 58 (3d Cir. 2016)).

Hoye seeks to amend his petition to "challenge all evidence," ECF No. 186, and to challenge his sentence as excessive and on double jeopardy grounds. ECF No. 188-1. The same analysis that applies to the three claims raised in the Amended Petition applies to the claims Hoye seeks to add to his petition. These claims are procedurally defaulted and foreclosed from habeas review. Thus, amendment would be futile and, as a result, leave to amend will be denied.

## VII.   Conclusion

A review of the Amended Petition, the Answer, and the relevant state court record, reveals the three claims Hoye raises in his Amended Petition have not been fairly presented to the state courts and therefore are procedurally defaulted. Hence, the amended petition for writ of habeas corpus under 28 U.S.C. § 2254 will be dismissed with prejudice as procedurally defaulted and Hoye has failed to advance any argument as to why this Court should excuse the procedural default of his claims. Hoye's motions to amend will be denied as futile.

Hoye is not entitled to a certificate of appealability as jurists of reason would not find it debatable that the claims presented in this habeas petition are procedurally defaulted and Hoye has not advanced any argument as to why this

17

Court should excuse the procedural default of his claims.  Therefore, a certificate of

appealability as to each claim will be denied.  *See Slack v. McDaniel*, 529 U.S. 473,

484 (2000).  A separate order follows.

DATED this 8th day of June, 2026.

BY THE COURT:

s/Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge

cc:   NATHAN HOYE
      704 2nd Avenue
      Pittsburgh, PA 15219
      (via U.S. First Class Mail)

      Ashley N. Oravetz
      Allegheny County District Attorney's Office
      (via ECF electronic notification)